UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4710

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

SKYLAR MARTI SCHNIPPEL,

        Defendant - Appellant.

FILED
MAR 25 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge. (1:09-cr-00072-LMB-1)

Submitted:  February 25, 2010         Decided:   March 25, 2010

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas M. Dawson, Leavenworth, Kansas, for Appellant. Neil H. MacBride, United States Attorney, Daniel J. Grooms, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial, Skylar Marti Schnippel was convicted of conspiracy to distribute heroin, the use of which resulted in death and serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2006) (Count 1), possession with intent to distribute heroin resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2), and obstruction of justice, in violation of 18 U.S.C. § 1503(a) (2006) (Count 4). The judgment reflects that Schnippel also was convicted of distribution of heroin resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 3). On appeal, Schnippel argues that the evidence was insufficient to show his involvement in the conspiracy and his distribution of heroin resulting in serious bodily injury and death to another. He also claims the twenty-year minimum statutory sentence for the drug convictions is unconstitutional in light of Spears v. United States, 129 S. Ct. 840 (2009); Kimbrough v. United States, 552 U.S. 85 (2007); and United States v. Booker, 543 U.S. 220 (2005). Finding no error, we affirm the convictions. We also find no merit to the claim that the minimum statutory sentence is unconstitutional. However, because the judgment is inconsistent with the oral findings made at the conclusion of the bench trial, we vacate the sentence and remand for the

2

limited purpose of having the district court enter a revised judgment that reflects the oral findings.

When a defendant challenges the sufficiency of the evidence, this court considers whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001). If substantial evidence exists to support a verdict, the verdict must be sustained. Glasser, 315 U.S. at 80. This court does not review the credibility of witnesses and assumes the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (citation and internal quotation marks omitted).

Under 21 U.S.C. § 841(b)(1)(A), if it is found that death or serious bodily injury resulted from the use of the heroin during the course of the conspiracy, the defendant is subjected to a twenty-year minimum sentence. In order to establish beyond a reasonable doubt the final element of the

offense, the Government must show that the victim's use of the heroin received from Schnippel was a but for cause of her death. See United States v. Hatfield, 591 F.3d 945, 948 (7th Cir. 2010). It is not necessary to show that the serious injury or death be foreseeable to the defendant. Id. If a defendant supplies the drugs the use of which results in the victim's death, then the element is proven and the defendant is subject to an enhanced mandatory minimum sentence. See United States v. De La Cruz, 514 F.3d 121, 137 (1st Cir. 2008).

We find the evidence is more than sufficient to establish that Schnippel's involvement in the drug conspiracy on March 4, 2008, led to the victim dying of a heroin overdose. He was actively involved in procuring the heroin and making sure it got into the victim's hands the night she died.

We further find Schnippel's sentencing argument to be without merit. The Supreme Court held in Kimbrough that "sentencing courts remain bound by the mandatory minimum sentences prescribed [by the Anti-Drug Abuse Act of 1986]." Kimbrough, 552 U.S. at 107. Other circuits have held that, after Kimbrough, district courts are generally not authorized to sentence a defendant below the statutory minimum. United States v. Harris, 531 F.3d 507, 516 (7th Cir. 2008) ("because Harris's sentence of 240 months reflects the statutory mandatory minimum, there is no need to remand . . . pursuant to

4

Kimbrough"); <u>United States v. Black</u>, 523 F.3d 892, 892-93 (8th Cir. 2008) ("<u>Kimbrough</u> . . . does not authorize district courts to sentence below the Congressionally-mandated statutory minimum sentences.").

However, because the judgment of conviction is inconsistent with the oral findings made at the conclusion of the bench trial, we vacate the judgment and remand for the limited purpose of having the district court enter a revised judgment that reflects the oral findings. At the close of the bench trial, the district court specifically declined to rule on Count Three, finding it should merge with Count Two, of which Schnippel was found by the court to be guilty. The court stated "there's no sense in finding the defendant guilty of both counts. I'm going to find him guilty of Count 2 . . . . I think that that is more than sufficient." (J.A. at 441). Subsequently, the court stated "in my view, [Counts] 2 and 3 should merge so that the final judgment order would indicate conspiracy, Count 1, and the conviction on Count 2." (J.A. at 442). The judgment indicates Schnippel was guilty of Counts 1, 2 and 3, as well as Count 4. Because the district court specifically did not find Schnippel guilty of Count 3, on remand the judgment should be revised to reflect the court's oral findings in this regard.

5

At the conclusion of the bench trial, the district court also found beyond a reasonable doubt that Schnippel was responsible for 1000 grams, or one kilogram, of heroin. The judgment, however, indicates Schnippel was guilty of conspiracy to distribute *100* grams of heroin, the use of which resulted in death and serious bodily injury, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). A finding of 100 grams of heroin exposes a defendant to being sentenced under 21 U.S.C. § 841(b)(1)(B). On remand, this typographical error should be corrected to show Schnippel was guilty of conspiracy to distribute 1000 grams of heroin.

Accordingly, we affirm the convictions and vacate the sentence and remand for the limited purpose of having the district court enter a revised judgment that reflects the oral findings made at the conclusion of the bench trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

6