IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SKYLAR MARTI SCHNIPPEL ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Case No. 1:09-CR-72 |
| ) | |
| v.           ) | Civil Case No. 1:15-CV-69 |
| ) | |
| UNITED STATES OF AMERICA, ) | The Honorable Leonie M. Brinkema |
| ) | |
| Respondent. ) | |

**UNITED STATES' OPPOSITION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by undersigned counsel, respectfully asks this Court to deny the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The petitioner claims "he is actually innocent of distributing heroin resulting in death" because the evidence at his 2009 trial supposedly was insufficient under *United States v. Burrage*, 134 S. Ct. 881 (2014), to prove the victim's death resulted from heroin use. Petitioner's Motion to Vacate ("Pet. Mot."), ECF No. 200, at 1. However, the petitioner misreads *Burrage*, and this Court applied the *Burrage* but-for causation standard. Moreover, as the United States Court of Appeals for the Fourth Circuit already concluded, the evidence at trial was sufficient to prove heroin use was a but-for cause of the victim's death. Thus, the evidence was sufficient under *Burrage* for this Court to find the petitioner guilty of the distribution of heroin resulting in death. Regardless, *Burrage* does not apply retroactively on collateral review, and the petitioner's motion is time-barred and his claim is procedurally defaulted. The petitioner's motion should be denied without a hearing.

**PRIOR PROCEEDINGS**

On February 12, 2009, a federal grand jury indicted the petitioner on the following counts: (1) conspiracy to distribute one kilogram or more of heroin, resulting in death or serious bodily injury, from 2006 through November 19, 2008, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; (2) possession with the intent to distribute heroin, resulting in death or serious bodily injury, on March 4, 2008, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c); (3) distribution of heroin, resulting in death or serious bodily injury, on March 4, 2008, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c); and (4) obstruction of justice, in violation of 18 U.S.C. § 1503(a).  *See United States v. Schnippel*, 371 Fed. Appx. 418, 419 (4th Cir. 2010) (per curiam). On May 4, 2009, the petitioner pleaded guilty to count four, obstruction of justice. *See* Minute Entry, ECF No. 150.  That same day, he waived his right to a trial by jury and proceeded to a bench trial on the remaining three counts.  *See id*.  On May 5, 2009, this Court found the petitioner guilty of counts one and two and concluded that count three merged with count two. *See Schnippel*, 371 Fed. Appx. at 420.  On July 24, 2009, this Court sentenced the petitioner to 240 months of imprisonment on counts one and two and 120 months of imprisonment on count four, all to run concurrently.  *See* Judgment, ECF No. 173, at 2.

The petitioner filed a notice of appeal on July 31, 2009.  Notice of Appeal, ECF No. 175. The United States Court of Appeals for the Fourth Circuit affirmed the petitioner's convictions on March 25, 2010.  *See Schnippel*, 371 Fed. Appx. at 420.  The petitioner did not file a petition for rehearing or certiorari.  Nearly five years later, the petitioner filed the instant motion to vacate on January 16, 2015. Pet. Mot. at 12.

## STANDARD OF REVIEW

As this Court recently explained,

> [a] motion under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence that was imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized, or where the sentence or conviction is otherwise subject to collateral attack. To prevail, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967).
>
> Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[ ] in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 442, 428 (1962)).

*United States v. Payne*, No. 1:13-CR-59-LMB, 2015 WL 518588 at *2 (E.D.Va. Feb. 6, 2015).

## ARGUMENT

**I.** **The petitioner misreads *Burrage*, this Court applied the *Burrage* but-for causation standard, and, as the Fourth Circuit already concluded, the evidence at trial was sufficient to prove heroin use was a but-for cause of the victim's death and thus sufficient under *Burrage* to support this Court's finding the petitioner guilty of the distribution of heroin resulting in death.**

    **A.** **Contrary to the petitioner's claim, *Burrage* does not require proof that the use of heroin alone would have caused the victim's death; instead, *Burrage* merely requires proof that heroin use was a but-for cause of the death.**

The petitioner claims that under *United States v. Burrage*, 134 S. Ct. 881 (2014), to prove that death results from the use of heroin under 21 U.S.C. § 841(b)(1)(C), it is necessary to prove the heroin use was an "independently sufficient, 'but-for' cause of death." Pet. Mot. at 11. The petitioner alleges that under *Burrage*, it was necessary to prove it was "the heroin *alone* that killed" the victim. Pet. Mot. at 3 (emphasis in original). The petitioner further claims that it is insufficient under *Burrage* for the heroin use to be merely a but-for cause ("'the straw that breaks

3

the camel's back'") of the victim's death. Pet. Mot. at 1. The petitioner thus misreads *Burrage* to require both that the heroin use be an independently sufficient cause of death (meaning that the heroin use alone, independent of the use of any other substances or other causes, would have caused the death), and that it be a but-for cause of death (meaning that death would not have occurred but-for the use of heroin). *See* Pet. Mot. at 1, 11. Contrary to the petitioner's claims, *Burrage* does not require proving heroin use was an independently sufficient cause of a death or that heroin alone caused a death; instead, *Burrage* merely requires proving heroin use was a but-for cause of a death. *See Burrage*, 134 S. Ct. at 892.

    *Burrage* "hold[s] that, at least where use of the drug distributed by the defendant is ***not*** an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id*. at 892 (emphasis added). Contrary to his other claims, the petitioner himself concedes this is the holding of *Burrage*. *See* Pet. Mot. at 6 ("at least when the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be found guilty of the 'death results' offense in § 841(b)(1)(C) unless such use is a 'but-for' cause of the death or injury."). Thus, *Burrage* does not require proving heroin use was an independently sufficient cause of a death or that it alone caused the death; instead, *Burrage* merely requires proving heroin use was a but-for cause of the death. *See Burrage*, 134 S. Ct. at 892.

    Under *Burrage*, the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) applies even if heroin use combined with the use of other substances to cause the death, as long as the other substances, without the heroin, would not have caused the death. *See id*. at 888 (a predicate act is a but-for cause of a result even "if the predicate act combines with other factors

4

to produce the result, so long as the other factors alone would not have [produced the result].")."). For example, "if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived." *Id*. Thus, where heroin use combines with the use of other substances to cause death, the requirement of *Burrage* is satisfied even if the heroin use alone was not an independently sufficient cause of the death, as long as the heroin use "was the straw that broke the camel's back" and thus the death would not have occurred but-for the heroin use. *Id*.

   **B.  This Court applied the *Burrage* "straw that broke the camel's back" standard of but-for causation.**

  Anticipating nearly word-for-word the but-for standard of causation that the *Burrage* court set out in 2014, this Court explicitly applied the *Burrage* "straw that broke the camel's back" standard at the 2009 trial. *Compare Burrage*, 134 S. Ct. at 888 ("if, so to speak, it was the straw that broke the camel's back") *with* Pet. Ex. 2, Trial Transcript ("TT.") at 356 ("[i]f the heroin is the straw that breaks the camel's back, so to speak, that should be sufficient"). After this Court was informed that a suggestion was made in opening statements that other medications the victim was taking at the time of her fatal heroin overdose might somehow have contributed to her death, this Court explained that it would apply the following legal standard: "[i]f the heroin is the straw that breaks the camel's back, so to speak, that should be sufficient." Pet. Ex. 2, TT. at 356. The petitioner repeatedly criticizes this Court for having applied the standard of whether the heroin was "the straw that breaks the camel's back" and alleges this is not the standard set out in *Burrage*. *See* Pet. Mot. at 1, 6, 10. Yet the *Burrage* court explicitly adopted this exact standard of whether the heroin "was the straw that broke the camel's back," and thus was a but-for cause of death, and this Court was correct to apply that standard. *Burrage*, 134 S. Ct. at 888;

5

*cf. United States v. Krieger*, 628 F.3d 857, 870–871 (7th Cir. 2010) (even though the district court incorrectly stated it was not necessary to prove fentanyl was the but-for cause of the victim's death where the victim had multiple drugs in her system, the district court properly considered whether the death would have occurred but for the ingestion of fentanyl because it found that "'fentanyl toxicity was the cause of . . . death.'").

>    C.   **Because, as the Fourth Circuit already concluded, the evidence at trial was sufficient to prove that heroin use was a but-for cause of the victim's death, the evidence was sufficient under *Burrage* to support this Court's finding the petitioner guilty of the distribution of heroin resulting in death.**

Although the United States Supreme Court did not decide *Burrage* until 2014, both this Court in 2009 and the Fourth Circuit in 2010 applied the but-for standard that *Burrage* ultimately adopted. On appeal, the petitioner "argue[d] that the evidence was insufficient to show . . . his distribution of heroin resulting in serious bodily injury and death to another." *United States v. Schnippel*, 371 Fed. Appx. 418, 419 (4th Cir. 2010) (per curiam). Relying on *United States v. Hatfield*, 591 F.3d 945, 948 (7th Cir. 2010), the Fourth Circuit applied the test of whether "the victim's use of the heroin received from Schnippel was a but for cause of her death" to determine whether the evidence at trial was sufficient. *Schnippel*, 371 Fed. Appx. at 419. This is the exact same test the *Burrage* court adopted in 2014. *See Burrage*, 134 S. Ct. at 892. The Fourth Circuit properly concluded the evidence at trial was "more than sufficient . . . ." *Schnippel*, 371 Fed. Appx. at 419.

>    In denying the petitioner's direct appeal, the Fourth Circuit explained that
>
>    [w]hen a defendant challenges the sufficiency of the evidence, [the court should consider] whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt . . . . If substantial evidence exists to support a verdict, the verdict must be sustained . . . . [the] reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear.

6

*Schnippel*, 371 Fed. Appx. at 419 (internal citations and quotation marks omitted).

First, regardless of whether the use of heroin resulted in the victim's 2008 death, there was clearly sufficient evidence for this Court to convict the petitioner of the first count of the indictment: conspiracy to distribute one kilogram or more of heroin, the use of which resulted in death or serious bodily injury, from in or about 2006 through on or about November 19, 2008. The petitioner does not now challenge the fact that serious bodily injury resulted from the victim's use of heroin in 2007. *See* Pet. Mot. at 7-11. Moreover, he stipulated at trial that serious bodily injury resulted from the victim's use of heroin in August and October of 2007:

> MR. LEFFLER[, the defense attorney]: We stipulate that she . . . overdosed on two separate occasions, that they were overdoses of heroin, and that those would constitute serious bodily injury.
> THE COURT: And you're not contesting that?
> MR. LEFFLER: I am not . . . . I do not contest that this girl overdosed on those dates [in August and October of 2007] and that those overdoses were serious bodily injury.
> THE COURT: All right. So that for the August and the October overdose incidents, we do not need the doctors.
> MR. LEFFLER: Yes, ma'am.

Pet. Ex. 2, TT. at 355-356. Thus, there was sufficient evidence at trial for this Court to find that serious bodily injury resulted from the victim's use of heroin in 2007 and to convict the petitioner of the first count of the indictment. *See United States v. Muse*, 83 F.3d 672, 678 (4th Cir. 1996) (with a factual stipulation, a "defendant waives the requirement that the government produce evidence (other than the stipulation itself) to establish the facts stipulated to beyond a reasonable doubt."). Yet not only was the trial evidence sufficient to show that serious bodily injury resulted from the victim's use of heroin in 2007, but also it was sufficient to show the victim's 2008 death resulted from heroin use.

The Fourth Circuit correctly affirmed this Court's finding that the victim's heroin use was a but-for cause of her death and thus the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) applied. *See Schnippel*, 371 Fed. Appx. at 419 ("the Government must show that the victim's use of the heroin received from Schnippel was a but for cause of her death . . . . We find the evidence is more than sufficient . . . ."). Ample evidence at trial supported this Court's finding that heroin use was a but-for cause of the victim's death. *See* Pet. Ex. 2, TT. at 356; Pet. Ex. 3, TT. at 398, 400. For example, the parties stipulated that the lead pathologist, Dr. Field, would have testified if called as a witness that Dr. Shelly, who performed the autopsy, concluded the victim "died as the result of heroin poisoning" and that Dr. Field "concluded within a reasonable degree of medical certainty that [the victim] died of heroin poisoning." Pet. Ex. 3, TT. at 365. In addition, the parties stipulated that forensic toxicologist Carol O'Neal, Ph.D., would have testified if called as a witness that she knew of other victims who died from heroin poisoning with quantities of heroin in their blood that were smaller than the quantity of heroin in the victim's blood in this case; this suggests the quantity of heroin in the victim's blood in this case was sufficient to cause death. *See* Pet. Ex. 3, TT. at 367.

As the petitioner concedes, the evidence at trial proved the use of heroin was a but-for cause of the victim's death even though other substances were also found in the victim's blood shortly after her death. *See* Pet. Mot. at 10 ("the three additional substances alone or in combination could not have caused the death."). The parties stipulated that toxicologist O'Neal would have testified if called as a witness that six chemicals were found in the victim's blood, three of which were metabolites of heroin (and were thus in the victim's blood as a result of her use of heroin) and the other three of which "alone or in combination could not have caused [the victim's] death." Pet. Ex. 3, TT. at 367. Thus, as the petitioner concedes, the substances in the

8

victim's blood other than heroin, such as Robitussin or Wellbutrin, could not have caused the victim's death had she not also used heroin; therefore, heroin was the proverbial straw that broke the camel's back and a but-for cause of the victim's death. *See* Pet. Mot. at 3; *United States v. Krieger*, 628 F.3d 857, 870–871 (7th Cir. 2010) (affirming "death results" conviction based on expert testimony that, although the victim had several drugs in her system, the drug distributed by the defendant was a but-for cause of death); *United States v. Webb*, 655 F.3d 1238, 1254-1255 (11th Cir. 2011) (per curiam) (same).

In fact, the evidence at trial that heroin was a but-for cause of the death was so overwhelming that the defense conceded in its closing argument that it was "heroin that did indeed result in serious bodily injury," Pet. Ex. 3, TT. at 388, and "she die[d] of heroin poisoning, there's no dispute about that." Pet. Ex. 3, TT. at 391. Thus, the Fourth Circuit correctly concluded the evidence was "more than sufficient" for this Court to have found, in satisfaction of the requirement of *Burrage*, that the victim's use of heroin was a "but for" cause of her death and that the defendant was guilty of the distribution of heroin resulting in death. *Schnippel*, 371 Fed. Appx. at 419; *see Burrage*, 134 S. Ct. at 888, 892; *Muse*, 83 F.3d at 678.

**II.     *Burrage* does not apply retroactively, and the petitioner's motion is time-barred and his claim is procedurally defaulted.**

     **A.     The holding of *Burrage* does not apply retroactively on collateral review.**

As one of the recent decisions holding that *Burrage* does not apply retroactively explained,

> several courts have already found that *Burrage* did not announce a new rule of constitutional law and that, even if it had, the Supreme Court did not make *Burrage* retroactively applicable. *See, e.g.*, *In re: Carlos Alvarez*, No. 14–10661–D at 3 (11th Cir. Mar. 6, 2014) (petitioner not allowed to file second or successive § 2255 motion because the Supreme Court "did not expressly hold that *Burrage* is retroactive on collateral review."); *United States v. Bourlier*, No. 3:14cv609, 2014 WL 6750674 at *2 (N.D.Fla. December 1, 2014); *Alvarez v. Hastings*, No.

> CV214–070, 2014 WL 4385703 at *1 (S.D.Ga. Sep.5, 2014); *De La Cruz v. Quintana*, No. 14–28–KKC, 2014 WL 1883707 at *6 (E.D.Ky. May 1, 2014); *Taylor v. Cross*, No. 14–CV–304, 2014 WL 1256371 at *3 (S.D.Ill. Mar. 26, 2014); *Powell v. United States*, No. 3:09–CV–2141, 2014 WL 5092762 at *2 (D.Conn. Oct.10, 2014).

*United States v. Stewart*, No. 15-CV-73-JPS, 2015 WL 477226 at *2 (E.D.Wis. Feb. 5, 2015).

Thus, *Burrage* does not apply retroactively, and because the petitioner's motion relies exclusively on *Burrage*, it should be denied. *See Minaya v. United States*, 41 F. Supp. 3d 343, 345 (S.D.N.Y. 2014) (denying 28 U.S.C. § 2255 motion where petitioner's "argument that *Rosemond* and *Burrage* apply retroactively likewise fails. There is no indication that the Supreme Court intended for either holding to apply retroactively to this type of collateral review."); *Ramseur v. United States*, No. 5:11-CV-00075-RLV, 2014 WL 4854642, (W.D.N.C. Sept. 29, 2014); *cf. United States* v. *Hernandez-Monreal*, No. 1:07-CR-337-LMB, 2010 WL 2400006 at *1 (E.D.Va. Jun. 14, 2010) (dismissing 28 U.S.C. § 2255 motion as time-barred where petitioner filed his motion less than two years after the one-year deadline and relied on a new United States Supreme Court decision, because "nothing in the . . . decision addresses whether it is retroactively applicable to cases on collateral review.").

      **B.**    **The petitioner's motion is time-barred.**

The petitioner claims his motion is not "time-barred . . . because he can show he is actually innocent" of the charges that require proof that death or serious bodily injury resulted from the victim's use of heroin. Pet. Mot. at 4. However, the petitioner does not actually allege "actual innocence" as that legal term of art is accurately understood, he is not actually innocent, and actual innocence of the sentencing enhancement of 21 U.S.C. § 841(b)(1)(C) would not excuse the untimely filing of his motion. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995); *Teleguz v. Pearson*, 689 F.3d 322, 328 (4th Cir. 2012); *United States v. Mikalajunas*, 186 F.3d 490, 495-

10

496 (4th Cir. 1999); *Stewart* 2015 WL 477226 at *3 (E.D.Wis. Feb. 5, 2015). This Court should find that the petitioner's motion is time-barred.

A motion to vacate a sentence under 28 U.S.C. § 2255 must be brought no more than one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The United States Supreme Court has explained that in the context of a habeas petition, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To make a claim of "actual innocence," a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324. Moreover, the "actual innocence [exception] applies in non-capital

11

sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999).

As the petitioner concedes, his motion is untimely under 28 U.S.C. § 2255(f). The petitioner admits that his "case became final more than one year before the filing of this motion . . . ." Pet. Mot. at 4. The instant motion to vacate was not filed until January 16, 2015, but the petitioner's appeal was decided in 2010 and he did not file a petition for certiorari or rehearing. *See United States v. Schnippel*, 371 Fed. Appx. 418, 419 (4th Cir. 2010) (per curiam); Pet. Mot. at 2. Thus, the instant motion was not brought within one year of the date on which the judgment of conviction became final; it was filed several years late. *See United States v. Bourlier*, No. 3:10-CR-30-MCR-EMT, 2014 WL 6750674 at *3 (N.D.Fla. Dec. 1, 2014) (denying as untimely a 28 U.S.C. § 2255 petition relying on *Burrage*). In addition, no governmental action created an impediment to the petitioner making his motion, no facts supporting his claim are offered, and the petitioner does not allege otherwise. *See* 28 U.S.C. § 2255(f)(2), (f)(4). The petitioner also does not allege that his motion was brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f); *see* Pet. Mot. at 4-7. Moreover, such a claim would fail. As explained above, several courts have found that *Burrage* "did not announce a new rule of constitutional law and that, even if it had, the Supreme Court did not make *Burrage* retroactively applicable." *Stewart*, 2015 WL 477226 at *2.

The petitioner also does not claim the one-year statute of limitations in 28 U.S.C. § 2255(f) should be tolled. *See* Pet. Mot. at 4-7. Such a claim would be futile, because this is not one of "those 'rare instances where—due to circumstances external to the party's own conduct—

it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc); *see Bourlier*, 2014 WL 6750674 at *3 (denying as untimely a 28 U.S.C. § 2255 petition relying on *Burrage* where the petition did not suggest any basis for equitable tolling). Instead, the petitioner only alleges his motion is not "time-barred . . . because he can show he is actually innocent" of the charges that require proof that death or serious bodily injury resulted from the victim's use of heroin. Pet. Mot. at 4. This claim is without merit.

First, the petitioner does not actually allege actual innocence. The petitioner's sole claim is that he "is actually innocent of the enhanced penalty of 21 U.S.C. §841(b)(1)(C) because the heroin in the decedent's system was not an independently sufficient cause" of her death. Pet. Mot. 7. But the petitioner does not offer any new evidence to support his claim, nor allege that he has offered new evidence, and instead merely makes legal arguments. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"); *Schlup*, 513 U.S. at 324. Thus, he has not in fact made a claim of actual innocence, and his petition is consequently time-barred. *See Schlup* 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Teleguz v. Pearson*, 689 F.3d 322, 328 (4th Cir. 2012); *Stewart* 2015 WL 477226 at *3 (finding 28 U.S.C. § 2255 petitioner was not actually innocent where he moved more than a year after his conviction became final to vacate his sentence for conspiracy to distribute heroin resulting in death but did not offer, or even allege to offer, any new evidence).

Second, as explained above, the petitioner is simply not innocent. The evidence at trial was sufficient to prove beyond a reasonable doubt that heroin use was a but-for cause of the victim's death. *See United States v. Schnippel*, 371 Fed. Appx. 418, 419 (4th Cir. 2010) (per curiam).

Finally, even if the petitioner had offered new evidence to suggest he was actually innocent of the sentencing enhancement, doing so would not excuse the untimely filing of his motion. The "actual innocence [exception] applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). In this case, this Court did not apply a career offender or other habitual offender guideline provision in its non-capital sentencing of the petitioner, and the petitioner does not allege otherwise. See Pet. Mot. at 4-7. Thus, the petitioner's claim of actual innocence cannot overcome his untimeliness in filing his petition several years too late. *Mikalajunas*, 186 F.3d at 495. The petitioner's motion is time-barred.

### C. The petitioner's claim is procedurally defaulted.

The petitioner appears to concede that if he has not shown he is actually innocent, then his claim is procedurally defaulted. *See* Pet. Mot. at 4 ("Defendant's direct case became final more than one year before the filing of this motion . . . . However, [his] claim is neither time-barred nor procedurally defaulted because he can show he is actually innocent."). As demonstrated above, the petitioner has not shown he is actually innocent and thus his claim is procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Moreover, not only could the petitioner have previously raised his claim of insufficient evidence that the victim's death resulted from heroin use, but also in his direct appeal he did raise a claim of

14

insufficient evidence, which the Fourth Circuit rejected. *See Schnippel*, 371 Fed. Appx. at 419. This Court should find the petitioner's claim procedurally defaulted.

"Habeas review is an extraordinary remedy and . . . will not be allowed to do service for an appeal . . . . Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice . . . . or that he is actually innocent . . . ." *Bousley*, 523 U.S. at 622 (1998) (internal citations and quotation marks omitted). Furthermore, a "criminal defendant cannot 'recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal].'" *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir 2013) (quoting *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)).

The petitioner's current claim that the trial evidence was insufficient to allow this Court to find the victim's death resulted from heroin use is procedurally defaulted, because he either already raised it in his direct appeal, *see Dyess*, 730 F.3d at 360, or he did not raise it in his direct appeal and has not alleged cause or actual prejudice, which do not exist, nor demonstrated actual innocence. *See Bousley*, 523 U.S. at 622. In his direct appeal, the petitioner "argue[d] that the evidence was insufficient to show his involvement in the conspiracy and his distribution of heroin resulting in serious bodily injury and death to another." *Schnippel*, 371 Fed. Appx. at 419. Although he did not focus in his appeal, as he does in his current motion, on whether heroin use was a sufficient cause of the victim's death, the petitioner's challenge to the sufficiency of the trial evidence caused the Fourth Circuit to consider whether "the victim's use of the heroin received from Schnippel was a but for cause of her death" and to conclude the evidence was "more than sufficient to establish that Schnippel's involvement in the drug conspiracy on March 4, 2008, led to the victim dying of a heroin overdose." *Id*. The petitioner cannot now "'recast,

15

under the guise of collateral attack, questions fully considered'" on direct appeal. *Dyess*, 730 F.3d at 360 (quoting *Boeckenhaupt*, 537 F.2d at 1183).

To the extent the petitioner did not on direct appeal make exactly the same claim that he now raises, his direct appeal challenge to the sufficiency of the evidence makes it clear that he could have raised his current claim. *See United States v. Mikalajunas*, 186 F.3d 490, 493-94 (4th Cir. 1999) (finding petitioner's § 2255 claim was procedurally defaulted where it could previously have been raised at sentencing or on direct appeal, and in fact was previously raised by a codefendant); *Gaylord v. United States*, No. 14–4092, 2015 WL 433582 at *2 (C.D.Ill. Feb. 2, 2015) (finding § 2255 claim relying on *Burrage* waived because it "could have been raised on direct appeal but was not . . . ."); *Smith v. Wilson*, No. 14–CV–0510-PJS-HB, 2014 WL 5489244 at *6 (D.Minn. Oct. 30, 2014) (petitioner who relied on *Burrage* could have previously challenged, even before the 2014 *Burrage* decision, the sufficiency of the evidence to prove the use of cocaine resulted in the victim's death).  The petitioner has not alleged cause or actual prejudice, which do not exist, and, as explained above, he is not actually innocent.  *See* Pet. Mot. at 4-7.  Thus, any failure to raise the current claim on direct appeal has rendered the claim procedurally defaulted. *See Bousley*, 523 U.S. at 622; *Mikalajunas*, 186 F.3d at 493-94; *Gaylord*, 2015 WL 433582 at *2.

## CONCLUSION

For the reasons stated above, the United States respectfully asks this Court to deny without a hearing the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:      /s/
James Levine
Attorney for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-837-8242
Email: james.levine@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of April, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jessica N. Carmichael
Attorney at Law
114 N. Alfred Street
Alexandria, VA 22314
jcarmichael@harriscarmichael.com

                /s/
James Levine
Attorney for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703-299-3700
Fax: 703-837-8242
Email: james.levine@usdoj.gov