IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-72 (LMB) |
| | ) | 1:15-cv-69 (LMB) |
| SKYLAR MARTI SCHNIPPEL, | ) | |
| | ) | |
| Movant. | ) | |

## MEMORANDUM OPINION

Skylar Marti Schnippel ("Schnippel" or "movant"), through counsel, has filed a Motion

to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"), in

which he argues that he is actually innocent of conspiracy to distribute, possession with the intent

to distribute, and distribution of heroin resulting in death based on the recently issued Supreme

Court decision in Burrage v. United States, 134 S. Ct. 881 (2014).  Accordingly, Schnippel asks

that the judgment on Counts One and Two[1] be vacated, set aside, or corrected.  The government

has filed an opposition, to which Schnippel has replied.  For the reasons that follow, Schnippel's

Motion to Vacate will be dismissed.

## I.   BACKGROUND

On February 12, 2009, a federal grand jury returned an indictment charging Schnippel

with the following four offenses:  conspiracy to distribute one kilogram or more of heroin, "the

use of which resulted in death and serious bodily injury,"[2] in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846 (Count One); possession with intent to distribute heroin on March 4,

2008, "the use of which resulted in the death and serious bodily injury of Alicia Lannes," in

---

[1] Schnippel also asks that the judgment on Count Three be vacated; however, he was not
convicted of Count Three.

[2] Specifically, the "death and serious bodily injury" in Count One referred to three overdoses of
Alicia Lannes—two non-fatal overdoses in 2007 and a fatal overdose in March 2008.

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); distribution of heroin on

March 4, 2008, "the use of which resulted in the death and serious bodily injury of Alicia

Lannes," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three); and obstruction

of justice, in violation of 18 U.S.C. § 1503(a) (Count Four).

Schnippel pleaded guilty to Count Four, and a two-day bench trial was held on the

remaining three counts. Following the trial, Schnippel was found guilty of Counts One and Two;

Count Three was found to merge with Count Two such that the judgment order would only

reflect convictions on Counts One, Two, and Four. See Tr. Plea and Bench Trial ("Trial Tr.")

399-400 [Dkt. Nos. 159-60]. On July 24, 2009, Schnippel was sentenced to, among other

penalties, the mandatory minimum of 240 months imprisonment on each of Counts One, Two,

and Three, and 120 months imprisonment on Count Four, all to run concurrently. See Judgment

[Dkt. No. 173]. Schnippel timely noticed an appeal.

On direct appeal, Schnippel argued that "the evidence was insufficient to show his

involvement in the conspiracy and his distribution of heroin resulting in serious bodily injury and

death to another" and that the 20-year mandatory minimum sentence for the drug convictions

was unconstitutional. United States v. Schnippel, 371 F. App'x 418, 419 (4th Cir. 2010) (per

curiam). In reviewing Schnippel's sufficiency of the evidence claims, the Fourth Circuit

explained:

> Under 21 U.S.C. § 841(b)(1)(A), if it is found that death or serious bodily injury
> resulted from the use of the heroin during the course of the conspiracy, the
> defendant is subjected to a twenty-year minimum sentence. In order to establish
> beyond a reasonable doubt the final element of the offense, the Government must
> show that the victim's use of the heroin received from Schnippel was a but for
> cause of her death. See United States v. Hatfield, 591 F.3d 945, 948 (7th Cir.
> 2010). It is not necessary to show that the serious injury or death be foreseeable
> to the defendant. Id. If a defendant supplies the drugs the use of which results in
> the victim's death, then the element is proven and the defendant is subject to an

enhanced mandatory minimum sentence. See United States v. De La Cruz, 514 F.3d 121, 137 (1st Cir. 2008).

Id. The court concluded, "[T]he evidence [wa]s more than sufficient to establish that Schnippel's involvement in the drug conspiracy on March 4, 2008, led to the victim [Alicia Lannes] dying of a heroin overdose. He was actively involved in procuring the heroin and making sure it got into the victim's hands the night she died." Id. The court also rejected Schnippel's sentencing argument. Accordingly, in an unpublished opinion issued on March 25, 2010, the Fourth Circuit affirmed the convictions but remanded for the limited purpose of altering the judgment and sentence as to Count Three to reflect that Schnippel had not been convicted of that count at trial. See id. at 420. Schnippel did not file a petition for rehearing or certiorari. On remand, the Court entered the revised judgment on May 7, 2010.

More than four and half years later, Schnippel filed the instant Motion to Vacate on January 16, 2015.

## II.   DISCUSSION

The crux of Schnippel's argument is that he is actually innocent of the offenses charged in Counts One and Two under Burrage v. United States, in which the Supreme Court narrowed the definition of the offenses at issue. Specifically, he argues that Burrage interpreted the "death results" element in both 21 U.S.C. § 841(b)(1)(A) and § 841(b)(1)(C) as requiring but-for causation between the drugs distributed and the death or serious bodily harm that resulted. He further argues that this standard of causation was not employed at his trial and that the evidence did not support a finding of but-for causation between the heroin Schnippel distributed to Lannes and Lannes' fatal overdose. The government counters that, although Burrage was decided after Schnippel was convicted, this Court in fact applied the but-for standard ultimately adopted in Burrage when it convicted Schnippel and that the evidence supported the but-for causation

finding.  Moreover, the government points out that the Fourth Circuit expressly utilized the but-for standard when it found the evidence was sufficient to support Schnippel's convictions.

### A. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may collaterally attack a conviction or sentence that was imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized by law, or where the sentence or conviction is otherwise subject to collateral attack.  See 28 U.S.C. § 2255(a); see also Berry v. United States, 884 F. Supp. 2d 453, 457 (E.D. Va. 2012).

Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[] in a complete miscarriage of justice."  United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  Moreover, a motion pursuant to § 2255 "may not do service for an appeal," United States v. Frady, 456 U.S. 152, 165 (1982), and claims that have not been raised on direct appeal are therefore procedurally defaulted, Bousley v. United States, 523 U.S. 614, 622 (1998).  "A procedural default, however, may be excused in two circumstances:  where a person attacking his conviction can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom."  United States v. Fugit, 703 F.3d 248, 253-54 (4th Cir. 2012) (citing Bousley, 523 U.S. at 622).  To succeed on a gateway actual innocence claim, a movant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Id. at 256 (quoting Bousley, 523 U.S. at 623) (internal quotation marks omitted).

In addition, there is a one-year statute of limitations for filing a motion under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## B. Analysis

The whole of Schnippel's motion turns on his characterization of Burrage. In Burrage, the Supreme Court examined the statute at issue in Counts One and Two. This statute provides in relevant part:

(a) Unlawful acts
Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . .

(b) Penalties
Except as otherwise provided in section 849, 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
(1)(A) In the case of a violation of subsection (a) of this section involving—
(i) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin . . .
such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years . . . .
. . .
(C) In the case of a controlled substance in schedule I or II, . . . except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years . . . .

21 U.S.C. § 841.[3]  The <u>Burrage</u> Court specifically examined the sentencing enhancement for

when "death or serious bodily injury results from the use of" a qualifying illicit substance.

Because the "death results" enhancement increases the minimum and maximum sentences to

which a defendant is exposed, "it is an element that must be submitted to the jury and found

beyond a reasonable doubt." <u>Burrage</u>, 134 S. Ct. at 887 (citing <u>Alleyne v. United States</u>, 133 S.

Ct. 2151, 2162-63 (2013); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)).

The Supreme Court interpreted the "results from" language as requiring "actual

causality," which in turn requires "proof that the harm would not have occurred in the absence

of—that is, but for—the defendant's conduct." <u>Id.</u> at 887-88 (internal quotation marks omitted).

To illustrate this point, the Court provided the following examples:

> [W]here A shoots B, who is hit and dies, we can say that A [actually] caused B's
> death, since but for A's conduct B would not have died.  The same conclusion
> follows if the predicate act combines with other factors to produce the result, so
> long as the other factors alone would not have done so—if, so to speak, it was the
> straw that broke the camel's back. Thus, if poison is administered to a man
> debilitated by multiple diseases, it is a but-for cause of his death even if those
> diseases played a part in his demise, so long as, without the incremental effect of
> the poison, he would have lived.

<u>Id.</u> at 888 (citation and internal quotation marks omitted) (second alteration in original).

Applying this reasoning to the facts of the case, the Supreme Court reversed the

defendant's conviction for distributing heroin, the use of which resulted in death or seriously

bodily harm, because "there [wa]s no evidence that [the victim] would have lived but for his

heroin use." <u>Id.</u> at 892 (internal quotation marks omitted).  The victim had died following an

extended drug binge and multiple drugs were found in his system at the time of his death.  <u>Id.</u> at

---

[3] Count One was charged under § 846, which provides for conspiracy liability equivalent to the
liability for the underlying offense. <u>See</u> 21 U.S.C. § 846 ("Any person who attempts or
conspires to commit any offense defined in this subchapter shall be subject to the same penalties
as those prescribed for the offense, the commission of which was the object of the attempt or
conspiracy.").

885. A forensic toxicologist "concluded that heroin 'was a contributing factor' in [the victim's] death, since it interacted with the other drugs to cause" the victim to stop breathing, but he "could not say whether [the victim] would have lived had he not taken the heroin." Id. at 885-86. Similarly, a state medical examiner "described the cause of death as 'mixed drug intoxication'" but "could not say whether [the victim] would have lived had he not taken the heroin." Id. at 886. Accordingly, there was no evidence that the heroin was a but-for cause of the victim's death.

The same but-for causation standard as was used in Burrage was utilized at Schnippel's trial. In discussing the level of causation required by the statute, the Court stated, "If the heroin is the straw that breaks the camel's back, so to speak, that should be sufficient . . . ." Trial Tr. 355-56. This echoes almost word for word the Burrage Court's articulation of the but-for causation standard. See Burrage, 134 S. Ct. at 888 (explaining that a "predicate act" is a but-for cause, "so long as the other factors alone would not have done so—if, so to speak, it was the straw that broke the camel's back"). In reviewing Schnippel's convictions, the Fourth Circuit also employed the but-for causation standard: "In order to establish beyond a reasonable doubt the final element of the offense [that death or serious bodily injury resulted], the Government must show that the victim's use of the heroin received from Schnippel was a but for cause of her death." Schnippel, 371 F. App'x at 419.

The key evidence at trial supporting the Court's ultimate finding that the heroin Lannes obtained from Schnippel was an actual cause of her two-non fatal overdoses, as well as her death, took the form of stipulations. As to the two-non fatal overdoses, the parties stipulated that "there are two doctors who will testify that she overdosed on two separate occasions, that they were overdoses of heroin, and that those would constitute serious bodily injury." Trial Tr. 355.

These two non-fatal overdoses alone would have been sufficient to support Schnippel's conviction on Count One and its accompanying 20-year mandatory minimum sentence. See id. at 398 (stating, during the ruling from the bench, that "there has been stipulation that serious bodily injury at a minimum resulted from this conspiracy").

Regarding Lannes' death, the parties stipulated as to the testimony of two medical experts. First, they stipulated that the medical examiner had "concluded within a reasonable degree of medical certainty that Alicia Lannes died of heroin poisoning." Id. at 365. Then, they stipulated that the forensic toxicologist "would testify that six chemicals were found to be present in Ms. Lannes's blood," three of which were "metabolites of heroin and show[ed] that [Lannes] consumed heroin." Id. at 366-67. As for the other three chemicals, one signified that Lannes had "taken an antihistamine or over-the-counter sleeping pill," one indicated that she had taken Robitussin, and the third indicated that she had "taken the antidepressant Wellbutrin." Id. at 367. The quantities of these substances were "consistent with daily dosage quantities." Id. Finally, the parties stipulated that the toxicologist "would testify that the quantities of these three substances alone or in combination could not have caused Ms. Lannes's death." Id. Thus, unlike in Burrage, there was ample evidence that Lannes "would have lived but for h[er] heroin use" because the other drugs in her system could not have caused her death. See Burrage, 134 S. Ct. at 892. Applying the but-for causation standard, the Fourth Circuit affirmed that the evidence was "more than sufficient" to demonstrate that the heroin Schnippel distributed to Lannes on the night of her death resulted in her fatal heroin overdose. See Schnippel, 371 F. App'x at 419.

In an attempt to evade criminal liability for Lannes' death, Schnippel misreads Burrage's causation standard. According to Schnippel, "in cases in which the cause of death is a combination of drugs, the Court must find that the heroin was an independently sufficient cause

of death or serious bodily injury" or, in other words, that the heroin alone would have been sufficient to cause the resulting death or serious harm. Def.'s Reply 3; see also Mot. to Vacate 10-11 ("[T]he facts do not contain a stipulation, or any expert testimony, indicating that it was the heroin alone that caused the death." (emphasis in original)). This interpretation was not adopted by the Supreme Court which held "that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Burrage, 134 S. Ct. at 892 (emphasis added). This holding expressly permits liability when the drug is not an independently sufficient cause of death or serious harm, so long as it is a but-for cause of the death or harm, meaning that "so long as, without the incremental effect of the [drug], [the victim] would have lived." Id. at 888. Accordingly, Schnippel was found guilty of Counts One and Two using the appropriate causation standard, and the evidence demonstrated that Lannes would not have overdosed twice in 2007 but for her usage of heroin obtained from Schnippel, and she would have lived on March 4, 2008, but for her usage of the heroin which she had again obtained from Schnippel.

In addition to refuting Schnippel's actual innocence argument based on Burrage, the government argues that Burrage does not apply retroactively on collateral review, that Schnippel procedurally defaulted his claim that the Court applied an incorrect causation standard at trial by failing to raise it on direct appeal, and that Schnippel's Motion to Vacate is untimely. Schnippel responds that Burrage is retroactive under Bousley v. United States, 523 U.S. 614 (1998), and that his showing of actual innocence overcomes his procedural default and any untimeliness. The Court need not address whether Burrage is retroactive because even if it were, Schnippel is

not actually innocent of the offenses charged in Counts One and Two as those offenses were defined in Burrage.  For the same reason, the Court need not address the parties' timeliness and procedural default arguments.

III.    CONCLUSION

For the reasons stated above, Schnippel's Motion to Vacate will be dismissed by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 14th day of July, 2015.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge